# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RONALD SMITH**<br>7 Fast St.<br>Savannah, OH 44874,<br><br>Plaintiff,<br><br>v.<br><br>**US ASSET MANAGEMENT, LLC**<br>c/o Uttam B. Lall, Statutory Agent<br>2682 Kantian Dr.<br>Columbus, OH 43219<br><br>and<br><br>**COLLECTO, INC.**<br>c/o CT Corporation, Statutory Agent<br>36 E. 7th St., Ste 2400<br>Cincinnati, OH 45202<br><br>Defendants. | Civil Action No.:<br><br>JUDGE:<br><br><br><br>**COMPLAINT WITH JURY DEMAND** |

\* \* \*

## I. Preliminary Statement

1. This is an action for actual and statutory damages, costs and attorney fees, brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA").

## II. Jurisdiction

2. Jurisdiction is conferred on this court by 28 U.S.C. § 1337 and 15 U.S.C. § 1692 k(d). Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

## III. Parties

3. Plaintiff Ronald Smith ("Mr. Smith") is a natural person residing in Ashland County, Ohio.

4. Defendant US Asset Management, LLC, ("US Asset") is a limited liability company organized under the laws of the state of Ohio. Upon information and belief, the principal purpose of the Defendant is the collection of debts using the mails and telephone; Defendant regularly attempts to collect defaulted consumer debts and consumer debts alleged to be due another; the Defendant collects defaulted consumer debts and the debts of another as a matter of course; and the Defendant regularly makes telephone calls and sends mail to Ohio residents.

5. Defendant Collecto Inc., ("Collecto") is a corporation organized under the laws of the state of Massachusetts. Upon information and belief, the principal purpose of the Defendant is the collection of debts using the mails and telephone; Defendant regularly attempts to collect defaulted consumer debts and consumer debts alleged to be due another; the Defendant collects defaulted consumer debts and the debts of another as a matter of course; and the Defendant regularly makes telephone calls and sends mail to Ohio residents. Collecto uses the name "Collection Company of America".

6. The Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. Upon information and belief, US Asset and Collecto, at all times relevant, acted cooperatively and as agents for one another. Upon information and belief, US Asset and

Collecto acted under a partnership or joint venture at all times relevant, or were otherwise closely affiliated.

### IV.  Factual Allegations

8. On or about February 12, 2007, Mr. Smith received a recorded telephone message from the Defendants at his residence.

9. On or about February 13, 2007, the Defendants again telephoned Mr. Smith's residence. An agent of the Defendants asked for Mr. Smith, but since he was not available, spoke to Mr. Smith's wife.  During this conversation, the agent indicated that she was calling from US Asset Management, and attempted to collect a debt that Mr. Smith was allegedly responsible for related to a Sprint telephone ("the alleged debt").  The agent told Ms. Smith that if the alleged debt was not paid, that she would "take Ron to court" and garnish his wages.

10. Mr. Smith has never had a Sprint telephone.  Upon information and belief, someone may have obtained a Sprint phone in Mr. Smith's name.

11. The Defendants failed to send Mr. Smith a thirty day validation notice within five days of the initial communication.

12. An agent of the Defendants told Mr. Smith that the Defendants had sent a letter on February 8, 2007, and accused Mr. Smith of throwing it away.

13. On or about February 14, 2007, Mr. Smith's wife spoke to an agent of the Defendants by telephone.  Ms. Smith told the Defendants that they had still not received a letter from the Defendants, and provided both the physical address and a post office box address at which the Defendants could send Mr. Smith a letter, and asked the Defendants to send a letter.

3

14. On or about February 21, 2007, Mr. Smith's wife spoke to an agent of the Defendants by telephone again. Ms. Smith referred to an entry on Mr. Smith's credit report that contained the name "Collection Company of America", and asked the agent who that was. The agent said "we go by that name too". During the same telephone conversation, Mr. Smith's wife spoke to another agent of the Defendants who had identified himself as "the assistant manager of PCS accounts". The second agent told Ms. Smith "all we have to do is prove we bought the account from Sprint", and told Ms. Smith that she had no understanding of the law. The same agent told Ms. Smith that the alleged debt was related to a 2004 Sprint account, and that Mr. Smith had made payments on the account, and that he showed a billing address in Lorain, Ohio. Ms. Smith told the agent that Mr. Smith had never lived at that address. When Ms. Smith suggested that Mr. Smith's son may have some involvement in the alleged debt, the agent said "you need to find your loser, deadbeat son and tell him to pay this bill", and that Mr. Smith's son "needs to be prosecuted for identity theft".

15. On or about February 26, 2007, an agent of the Defendants telephoned Mr. Smith's home again and spoke to Ms. Smith. Ms. Smith informed the agent that she was still waiting for a letter from the Defendants.

16. On or about March 2, 2007, an agent of the Defendants telephoned Mr. Smith's residence again and spoke to Ms. Smith. After some discussion about the involvement of Mr. Smith's son regarding the alleged debt, the agent confirmed Mr. Smith's address and suggested that she would send a "fraud packet" in the mail. This agent also told Ms. Smith that her records indicate that no payment was ever made on the bill, and that the Defendants would sue Mr. Smith if it was not paid.

17. The Smiths never received a "fraud packet" in the mail.

### V. First Claim for Relief –Violations of the Fair Debt Collection Practices Act

18. Plaintiff incorporates by reference all of the above allegations.

19. The Defendants violated the FDCPA.  Defendants' violations include, but are not limited to the following:

    a. The Defendants violated 15 U.S.C. § 1692 d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

    b. The Defendants violated 15 U.S.C. § 1692 e by using false, deceptive, or misleading representations or means in connection with the debt collection.

    c. The Defendants violated 15 U.S.C. § 1692 e(2) by misrepresenting the character, amount and the legal status of the alleged debt.

    d. The Defendants violated 15 U.S.C. § 1692 e(5) by threatening to take an action that cannot legally be taken or was not intended to be taken.

    e. The Defendants violated 15 U.S.C § 1692 e(10) by using a false representation or deceptive means to collect a debt or to obtain information about a consumer.

    f. The Defendants violated 15 U.S.C § 1692 e(14) by using any name other than the true name of its debt collecting business.

    g. The Defendants violated 15 U.S.C. § 1692 f by using an unfair or unconscionable means to collect or attempt to collect an alleged debt.

    h. The Defendants violated 15 U.S.C. § 1692 f(1) by attempting to collect an amount not authorized by the agreement creating the alleged debt or permitted by law.

    i. The Defendants violated 15 U.S.C. § 1692 g by failing to send the Plaintiff a 30-day validation notice within five days of its initial communication.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, jointly and severally, for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA.

B. Actual damages as determined by the jury.

C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ Gregory S. Reichenbach

---

Gregory S. Reichenbach (0077876)
3 North Main Street, Suite 812
Mansfield, OH  44902
(419) 529-8300
FAX: (419) 525-0804
Greg@ReichenbachLaw.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

/s/ Gregory S. Reichenbach

---

Gregory S. Reichenbach (0077876)
Attorney for Plaintiff

Date:   April 16, 2007

6